Broyles, O. J.
1. Conceding (but not deciding) that under the facts of the case the jury should have been instructed, even without a timely and appropriate written request, that in reaching their verdict they could consider any disparity in the size and strength of the defendant and the person alleged to have been stabbed by him, if any<such disparity had been shown by the evidence (Strickland v. State, 98 Ga. 84, 25 S. E. 908; but see Alexander v. State, 118 Ga. 26 (3), 28, 44 S. E. 85; Barnes v. State, 24 Ga. App. 373 (6), 100 S. E. 788), it appears from the record that the jury must have understood, from the charge of the court and the colloquy between the court and defendant’s counsel, that they had the authority to consider the relative sizes and strength of the defendant and the person alleged to have been stabbed. This . being true, and there having been no written request for a specific charge on the subject, there was no harmful error on the part of the court.
2. The excerpts from the charge of the court, complained of, when considered in connection with the entire charge and the facts of the case, contain no material error.
3. The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error.

Judgment affirmed.

Luhe and Bloodworth, JJ., concur.

Maddox, McCamy & McFarland, for plaintiff in error.
J. M. Lang, solicitor-general, contra.